FOWLER & WOLFE MFG. CO. v. NATIONAL RADIATOR CO.

(Circuit Court, W. D. Pennsylvania. January 10, 1905.)

No. 25.

PATENTS (§ 328*)—INFRINGEMENT—RADIATOR.
  The Fowler patent, No. 609,800, for a radiator, *held* not infringed by a licensee, on the ground that the alleged infringing device, while within the patent, also came within the purview of the license.

In Equity. Suit by the Fowler & Wolfe Manufacturing Company gainst the National Radiator Company. Decree for defendant. See, also, 203 Fed. 514.

Ernest Howard Hunter, of Philadelphia, Pa., for complainant.
Harding & Harding, of Philadelphia, Pa., for defendant.

(Circuit Court, W. D. Pennsylvania. October 3, 1905.)

No. 25.

PATENTS (§ 328*)—INFRINGEMENT—RADIATOR.
  The Fowler patent, No. 609,800, for a radiator, construed, and *held* not infringed, in a suit against a licensee, in which the validity of the patent was not involved.

In Equity. Suit by the Fowler & Wolfe Manufacturing Company against the National Radiator Company. On final hearing. Decree for defendant.

See, also, 203 Fed. 514.

Ernest Howard Hunter, of Philadelphia, Pa., for complainant.
Harding & Harding, of Philadelphia, Pa., for defendant.

BUFFINGTON, District Judge. This bill charges infringement of claims 1 and 2 of patent No. 609,800, for a radiator, issued August 30, 1898, to Arthur H. Fowler, assignor to complainant. In a prior suit between the same parties, the validity of the patent was established as between them. Thereupon respondent took a license, covering certain structures under the patent and excepting others. The complainant, alleging the respondent's particular make of radiator here in question was covered by the patent, but not included in the license, filed this bill, charging infringement. On application for preliminary injunction, we refused to grant it, holding respondent's form was covered by the license. The case now comes on for final hearing.

In the light of fuller proofs, we have now reached the opinion that, while we rightly refused the preliminary injunction, we were mistaken in the ground we took for so doing, and that the refusal should have been based on the fact that respondent's radiator does not infringe. While, as between these parties, the validity of the patent must be assumed, yet it is evident its scope is exceedingly narrow. In his specification, Fowler sets forth, as his substantial advance in the art, the fact that the cross-tubes of his radiator are of larger size than the connecting tubes, which run at right angles. It is evident that these relative sizes are not mere preferential or illustrative constructions, but that they are the particular features which characterize the invention, and are embodied in the claims in controversy. A study of the specification shows that, unless based on this difference, the patent has nothing to support it. Thus the patentee says:

"The sections are preferably rectangular in shape and composed of two longitudinal top and botton tubes B B', united by two end tubes C C', which are connected by a series of *smaller* longitudinal tubes D. I prefer to employ intermediate cross-tubes E, connecting the tubes B B' and having the longitudinal tubes D connecting with them. In the construction shown there are two of these *large* intermediate cross-tubes E, located between the end tubes C C', and dividing the *small* longitudinal tubes D into three sets or series. The *small* longitudinal tubes D are located at sufficient distance apart to form intermediate openings or spaces e for the circulation of air between them. Each section thus constructed is composed of a series of communicating tubes, forming a unitary rectangular hollow frame."

Now it is clear to us that the word "preferably" refers to the rectangular shape, and not to the relatively "large intermediate cross-tubes" and the "small longitudinal" or connecting tubes. No other sizes or modes of construction are shown or suggested, and the larger sizes are designated as "cross-tubes," and the smaller as "connecting tubes," and as such both are carried into the claims. The very fact that the two sets of intermediate tubes are called for in the claims, one "cross-tubes" and the other "connecting tubes," shows a purpose to differentiate them, and the only ground of differentiation is found in the figures and specification, in which latter the cross-tubes are described as "large intermediate tubes," and the connecting tubes as "small longitudinal tubes." These limitations, if carried into the claims, embody a different structure from that of the respondent, and the claims, so read, fail to sustain the charge of infringement.

So construing the claims, infringement is not shown, and the bill will be dismissed.